IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| CITY OF JEFFERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05-4348-CV-C-NKL |
| ) | |
| NEW CINGULAR WIRELESS ) | **FILED UNDER SEAL** |
| SERVICES, INC., f/k/a ) | |
| AT&T WIRELESS SERVICES, INC., ) | |
| ) | |
| and ) | |
| ) | |
| CINGULAR WIRELESS, L.L.C., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Pending before the Court is City of Jefferson's ("the City") Motion for Partial Summary Judgment as to the Burden of Proof [Doc. # 37].[1] For the reasons set forth below, the Court denies the City's Motion.

**I.     Background**

The City is a Missouri municipal corporation that enacted an ordinance requiring gross receipts taxes to be paid by any business which provides telephone or telecommunication services in the City. The ordinance states:

---

[1]The City moves for summary judgment against New Cingular Wireless Services, Inc. only. Cingular Wireless, L.L.C. acquired AT&T Wireless in a merger in October 2004--the product of the merger between Cingular and AT&T is now referred to as "New Cingular."

1

> Every person, firm or corporation engaged in the business of furnishing telephone service or telecommunications services for residential, commercial, business, manufacturing, industrial or for any other purpose in the city, who shall furnish the services within the city, shall pay to the city a tax equal to seven (7) percent of the gross receipts solely derived from the charges for local telephone or telecommunication services in the city as a license tax for conducting such business within the city.

Jefferson City, Mo. Code art. IX, § 17-204(B) ("the Ordinance").

After New Cingular refused to pay any gross receipts tax for its sales of telephone and telecommunication services to Jefferson City residents, the City sued for payment of past and future gross receipts taxes.

New Cingular contends it does not owe the City gross receipts taxes because it does not provide telephone or telecommunication services in the City; it only provides commercial mobile radio service ("CMRS"). It also has argued that if any gross receipts taxes are due, they are only to be assessed against the receipts it collects for local calls made within the City's boundaries.

During discovery, New Cingular produced tax returns that reflect the gross revenue it received from services it provided to customers who had a billing address inside the City. Specifically, New Cingular produced portions of its 2003-2005 tax returns, sales tax returns for 2000-2002, and federal excise tax information. New Cingular's sales tax returns reflect a line item for "gross receipts" for each municipality, including the City. However, New Cingular did not provide data that would permit the parties to identify which calls or communications were made by New Cingular customers in the geographic boundaries of the City.

2

New Cingular's corporate representative, Gary Lindsey ("Lindsey"), testified that AT&T, before its merger with Cingular, did not segregate interstate, intrastate or local calls or communications when it applied federal or state sales and excise taxes on bills to customers. Lindsey testified that AT&T offered bundled plans instead.[2]

In its pending Motion for Partial Summary Judgment as to the Burden of Proof, the City asks the Court to resolve the "burden of proof issue as it relates to which portion of Defendant's gross receipts are exempt from taxation pursuant to the City of Jefferson's ordinance." *See* Motion for Partial Summary Judgment [Doc. 37]. In its Suggestions in Support of its Motion for Partial Summary Judgment, the City states that it is raising two issues. They are:

> 1.  Once Plaintiff establishes application of the ordinance and submits evidence of gross receipts, does Defendant bear the burden of proving any exemptions or exceptions to the tax under Supreme Court authority and federal and state law.
>
> 2.  Should Defendant be precluded from introducing evidence which seeks to diminish any numbers in the data which it provided, because any exceptions are not reasonably identifiable from books and records kept in the regular course of business and/or were not produced in discovery in this case or any other?

*See* Plaintiff's Suggestions in Support of Its Motion for Partial Summary Judgement as to the Burden of Proof at p. 1 [Doc. 38].

## II. Discussion

---

[2] The City suggests that New Cingular had the capability of providing records that would permit the parties to identify which calls were made in the City, but New Cingular did not produce them during discovery.

The question before the Court is narrow, although the briefing has been extensive and complicated. In essence, the City has asked the Court to rule that New Cingular has the burden of proof on any exemptions contained in the City's gross receipts tax ordinance. The City also asks the Court to limit the evidence which New Cingular can rely on to prove its exemptions.

The problem with the City's request for summary judgment on these issues is that the City's gross receipts tax ordinance does not contain an exemption. It does not state that New Cingular must pay gross receipts tax on all telephone and telecommunication services in Jefferson City, except for certain categories of service. It says New Cingular must pay the tax on all applicable services; there are no exemptions or exceptions. Therefore, the question of who has the burden of proof on any exemptions in the City's ordinance is irrelevant to this lawsuit. Likewise, it would be irrelevant to resolve the second question raised by the City because there is not an exemption to be proven.

The Court is aware that its ruling may be unsatisfying, given the amount of time and effort devoted to the City's Motion for Partial Summary Judgment. However, it is obligated to follow the directive in *Hughes v. Stottlemyre,* 454 F.3d. 791 (8th Cir. 2006), and limit the Court's ruling to precisely the issue raised in a summary judgment motion, regardless of the issues actually litigated between the parties.

### III. Conclusion

Accordingly, it is hereby

ORDERED that the City of Jefferson's Motion for Partial Summary Judgment as

to the Burden of Proof [Doc. # 37] is DENIED.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated: September 5, 2006  
Jefferson City, Missouri